**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ALLYSA FITCH, et al.**                                      **Case 2:25-cv-02318 -DJP-JVM**

**VERSUS**                                                    **JUDGE DARREL J. PAPILLION**

**CENERGY INTERNATIONAL SERVICES, INC.**


**CENERGY INTERNATIONAL SERVICES, INC.'S**
**OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and Rule 33.2 of the

Local Rules of the Eastern District of Louisiana, Defendant Cenergy International Services, Inc.

("Cenergy") serves its *Objections and Answers to Plaintiffs' First Set of Interrogatories.*


Dated: March 30, 2026                    Respectfully submitted,

Andrew J. Brien
La. Bar No. 37051
Robert Paul Debelak III*
William X. King*
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
andrew.brien@mhllp.com
bobby.debelak@mhllp.com
william.king@mhllp.com

* admitted *pro hac vice*

***Attorneys for Defendant Cenergy International
Services, Inc.***

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on March 30, 2026.

Caroline Gabriel
William Most
Most & Associates
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel.: 985-441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com

Kenneth C. Bordes
Abigail Floresca
Law Office of Kenneth C. Bordes
3914 Canal St.
New Orleans, Louisiana 70119
Tel.: 504-588-2700
Fax: 504-708-1717
kcb@kennethbordes.com
abigail@kennethbordes.com

**ATTORNEYS FOR PLAINTIFFS**

_____
Robert P. Debelak III

2

**CENERGY INTERNATIONAL SERVICES, INC.'S**
**OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES**

Cenergy objects to these discovery requests on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to Definitions and Instructions apply to each and every one of the Interrogatories and should be considered part of Cenergy's answer to each and every one of the Interrogatories.  Any failure to repeat all or any part of such Objections to Definitions and Instructions in any specific response should not constitute waiver or other relinquishment of such objection.

Cenergy objects to Plaintiffs' definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific Interrogatory, at least on the ground that such alteration renders the Interrogatory vague, ambiguous, overbroad, and uncertain.  Cenergy further objects to the extent Plaintiffs' definitions and instructions impose obligations beyond those required under the Federal Rules of Civil Procedure. Specifically, Cenergy objects to the following definitions:

1.      Cenergy objects to the definition of the term **"Person"** as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement." Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Person."

2.      Cenergy objects to the definition of the term "Document" as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure.  Cenergy further objects to this definition to the extent it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Document."

3.      Cenergy objects to the definition of the phrase "all documents" as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure. Cenergy further objects to this definition to the extent it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit.  Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "all documents."

4.      Cenergy objects to the definition of the term "Plaintiffs" as vague and ambiguous to the extent the definition includes individuals who are not named in this suit or to the extent it includes putative or purported members of Plaintiffs' proposed class, or any other person the named Plaintiffs seek to represent on a class or collective basis.

5.      Cenergy objects to the definition of the terms "Defendant," "you," "your," and "yourself" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "all agents, subordinates and employees" and "mean[s] each and every legal representative, agent, employee, attorney, accountant, advisor, and all other persons" and entities "Cenergy International Services, LLC" and "Cenergy Partners, LLC" who are not parties to this suit. Cenergy further objects on the grounds that the definition is inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure. Cenergy responds to these interrogatories only for itself.

6.      Cenergy objects to the definition of the term "Employed" or "employment" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any work or services provided or performed in connection with any" work performed or services provided, and is inconsistent with the legal definition for these terms. Cenergy further objects on the grounds the definition is inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure.

7.      Cenergy objects to the definition of "Communication" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous. Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Communication."

8.      Cenergy objects to the definition of the terms "Meeting" and "meetings" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any coincidence of presence of two or more persons." Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Meeting" and "meetings."

9.      Cenergy objects to the definition of "Cenergy" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes parties other than the named Defendant Cenergy Instructional Services, Inc.

4

**OBJECTIONS AND ANSWERS TO PLAINTIFFS' INTERROGATORIES**

**INTERROGATORY NO. 1:**

Describe the relationships between Cenergy International Services, Inc., Cenergy International Services, LLC, Cenergy Partners, LLC, and Akashic Holding Company.

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed.

**INTERROGATORY NO. 2:**

Identify all cases (including arbitrations) by court and case number in which Cenergy International Services, Inc., Cenergy International Services, LLC, Cenergy Partners, LLC, or Akashic Holding Company has been sued for FLSA claims or other wage issues, and identify the outcome of each of those cases.

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Interrogatory as overly broad as to time and subject matter and unduly burdensome because, without providing a time limitation, this interrogatory seeks identification of "all cases (including arbitrations)" in which Cenergy and third-parties Cenergy Parters, LLC and Cenergy International Services, LLC have been sued for FLSA and wage claims. Finally, Cenergy objects to this Interrogatory to the extent it seeks documents or information not relevant to the claims or defenses of any party, not relevant to the subject matter of the litigation, and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 3:**

Identify all cases where the same "Dispute Resolution Agreements" provided to named Plaintiffs in this matter were challenged and whether those agreements were enforced or found to be invalid.

5

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Interrogatory as overly broad as to time and unduly burdensome because it seeks the outcome of "all cases" in which the subject Dispute Resolution Agreement was challenged.

**INTERROGATORY NO. 4:**

Describe why or when an employee would go through "onboarding again for any reason" as referred to in R. Doc. 9-2 at ¶5.

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects because of the compound nature of this Interrogatory.

**INTERROGATORY NO. 5:**

Identify the individual who executed the Dispute Resolution Agreement on behalf of Cenergy for the agreement with Tashiba Harris.

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed.

**INTERROGATORY NO. 6:**

For individual identified in Interrogatory No. 5, please state the individual's position and responsibilities at the time of signing.

6

**ANSWER:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Interrogatory on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed.