**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ALLYSA FITCH, et al.                     Case 2:25-cv-02318 -DJP-JVM

VERSUS                                   JUDGE DARREL J. PAPILLION

CENERGY INTERNATIONAL SERVICES, INC.


**CENERGY INTERNATIONAL SERVICES, INC.'S OBJECTIONS AND RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 34.1 of the

Local Rules of the Eastern District of Louisiana, Defendant Cenergy International Services, Inc.

("Cenergy") serves its *Objections and Responses to Plaintiffs' First Set of Requests for*

*Production.*


Dated: March 30, 2026                    Respectfully submitted,

Andrew J. Brien
La. Bar No. 37051
Robert Paul Debelak III*
William X. King*
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
andrew.brien@mhllp.com
bobby.debelak@mhllp.com
william.king@mhllp.com

\* admitted *pro hac vice*

***Attorneys for Defendant Cenergy International
Services, Inc.***

1

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on March 30, 2026.

Caroline Gabriel
William Most
MOST & ASSOCIATES
201 St. Charles Ave., Ste. 2500, # 9685
New Orleans, LA 70170
Tel.: (985) 441-9355
caroline.gabriel.ma@gmail.com
williammost@gmail.com

Kenneth C. Bordes
Abigail Floresca
LAW OFFICE OF KENNETH C. BORDES
3914 Canal St.
New Orleans, Louisiana 70119
Tel.: 504-588-2700
Fax: 504-708-1717
kcb@kennethbordes.com
abigail@kennethbordes.com

**ATTORNEYS FOR PLAINTIFFS**

_____
Robert P. Debelak III

**CENERGY INTERNATIONAL SERVICES, INC.'S**
**OBJECTIONS AND ANSWERS TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Cenergy objects to these discovery requests on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The following Objections to Definitions and Instructions apply to each and every one of the Requests for Production and should be considered part of Cenergy's response to each and every one of the Requests. Any failure to repeat all or any part of such Objections to Definitions and Instructions in any specific response should not constitute waiver or other relinquishment of such objection.

Cenergy objects to Plaintiffs' definitions and instructions to the extent they purport to alter the plain meaning and/or scope of any specific Request for Production, at least on the ground that such alteration renders the Request vague, ambiguous, overbroad, and uncertain. Cenergy further objects to the extent Plaintiffs' definitions and instructions impose obligations beyond those required under the Federal Rules of Civil Procedure. Specifically, Cenergy objects to the following definitions:

1.      Cenergy objects to the definition of the term **"Person"** as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any natural person, firm, corporation, labor organization, partnership association, joint venture, group or association and any other form of business organization, entity, or arrangement." Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Person."

2.      Cenergy objects to the definition of the term "Document" as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure. Cenergy further objects to this definition to the extent it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Document."

3.      Cenergy objects to the definition of the phrase "all documents" as overbroad, unduly burdensome and inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure. Cenergy further objects to this definition to the extent it seeks discovery that is not proportional to the needs of the case and the burden or expense of finding, collecting, and producing responsive documents outweighs its likely benefit. Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "all documents."

4.      Cenergy objects to the definition of the term "Plaintiffs" as vague and ambiguous to the extent the definition includes individuals who are not named in this suit or to the extent it

3

includes putative or purported members of Plaintiffs' proposed class, or any other person the named Plaintiffs seek to represent on a class or collective basis.

5.      Cenergy objects to the definition of the terms "Defendant," "you," "your," and "yourself" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "all agents, subordinates and employees" and "mean[s] each and every legal representative, agent, employee, attorney, accountant, advisor, and all other persons" and entities "Cenergy International Services, LLC" and "Cenergy Partners, LLC" who are not parties to this suit. Cenergy further objects on the grounds that the definition is inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure. Cenergy responds to these document requests only for itself.

6.      Cenergy objects to the definition of the term "Employed" or "employment" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any work or services provided or performed in connection with any" work performed or services provided, and is inconsistent with the legal definition for these terms.  Cenergy further objects on the grounds the definition is inconsistent with, and imposing obligations beyond those required under the Federal Rules of Civil Procedure.

7.      Cenergy objects to the definition of "Communication" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous. Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Communication."

8.      Cenergy objects to the definition of the terms "Meeting" and "meetings" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes "any coincidence of presence of two or more persons." Cenergy will meet and confer with Plaintiffs regarding a mutually agreeable definition of "Meeting" and "meetings."

**9.**      Cenergy objects to the definition of "Cenergy" as overbroad, unduly burdensome, not proportional or relevant to the needs of this case, vague, and ambiguous to the extent it includes parties other than the named Defendant Cenergy Instructional Services, Inc.

### OBJECTIONS AND ANSWERS TO PLAINTIFFS' REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All documents presented to employees during "the onboarding process," including but not limited to employee handbooks "and other documentation" referred to in R. Doc. 9-2 at ¶4.

### RESPONSE:

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Discovery will be timely after the Court rules on the Motion for Arbitration and the parties conduct the appropriate conferences. Cenergy further objects to this Request as overly broad as to time and subject matter and unduly burdensome because it seeks "all documents."

**REQUEST FOR PRODUCTION NO. 2:**

Any and all email or written correspondence related to "the onboarding process" referred to in R. Doc. 9-2 at ¶4 for each of the named Plaintiffs.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to time and subject matter, unduly burdensome, and vague an ambiguous because it seeks "any and all email or written correspondence related to 'the onboarding process.'" Finally, Cenergy objects to this Request to the extent it seeks documents or information not relevant to the claim or defense of any party, not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all policies, whether formal or informal, related to "the onboarding process" referred to R. Doc. 9-2 at ¶4.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to time and subject matter, unduly burdensome, and vague and ambiguous because it seeks "any and all email or written correspondence . . . related to 'the onboarding process'." Finally, Cenergy objects to this Request to the extent it seeks documents or information not relevant to the claim or defense of any party, not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

While objecting to this Request, Cenergy is informally producing documents without waiving its objections.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all policies, whether formal or informal, regarding the procedure described in R. Doc. 9-2 at ¶5.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to time, unduly burdensome, and vague and ambiguous because it seeks "any and all policies" "regarding the procedure."

While objecting to this Request, Cenergy is informally producing documents without waiving its objections.

**REQUEST FOR PRODUCTION NO. 5:**

All emails or other written communication between Jim Picou and any other employee, agent or representative of Cenergy between November 14, 2025 and January 20, 2026 related to Mr. Picou's preparation of the declaration filed as R. Doc. 9-2.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to scope, unduly burdensome, and vague and ambiguous because it seeks "all emails or other written correspondence . . . related to" the preparation of Picou's declaration. Further, Cenergy objects on the grounds the request seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Finally, Cenergy objects to the extent this Request seeks disclosure of documents protected by the attorney-client and work product privileges.

**REQUEST FOR PRODUCTION NO.6:**

If not already produced in response to the previous requests, all documents that evidence the terms and conditions of Plaintiffs' employment with Defendant, including any written contracts and/or agreements of any nature between Plaintiffs and Defendants and all company and personnel manuals, employee handbooks, and memos that Defendant provided to Plaintiffs.

6

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to scope and unduly burdensome because it seeks "all documents" "including any written contracts and/or agreements of any nature." Further, Cenergy objects on the grounds the request seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

While objecting to this Request, Cenergy will informally provide Plaintiffs copies of their employment agreements without waiving its objections.

**REQUEST FOR PRODUCTION NO.7:**

All documents referred to or relied upon in preparing any responses to a request for production or interrogatory.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed. Cenergy further objects to this Request as overly broad as to scope and unduly burdensome because it seeks "all documents."

**REQUEST FOR PRODUCTION NO.8:**

R. Doc. 9-2 at ¶5 states that "managers will present a blank copy of the DRA to the employee or prospective employee in person or electronically for their review." Produce all such electronic communications to Plaintiffs.

**RESPONSE:**

Subject to and incorporating its Objections to Definitions and Instructions, Cenergy responds as follows:

Cenergy objects to this Request on the grounds it is untimely and not appropriate because this discovery goes to the merits of the matter, the Court's Order in this matter stated that no merits discovery shall proceed, and no Motion for Expedited Discovery or Motion for Leave of Court has been filed.

While objecting to this Request, Cenergy will informally provide Plaintiffs copies of their employment agreements without waiving its objections.